UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT NEWMAN,

                                    CASE NO. 2:08-CV-10388
             Plaintiff,          JUDGE PATRICK J. DUGGAN
                                    MAGISTRATE JUDGE PAUL J. KOMIVES

v.

JODIE COATS, MATTHEW LUEBS and
CHARLES INGRAM,[1]

                Defendants,
_____/

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO ENLARGE RESPONSE TIME (Doc. Entries 14 and 19) and DENYING PLAINTIFF'S MOTION TO WITHDRAW THE ABOVE DOCKET PLEADING (Doc. Ent. 16)**

**I.    OPINION**

**A.    Background**

On or about December 3, 2005, Vincent Newman was transferred to ARF (Gus Harrison Correctional Facility). Doc. Ent. 1 at 1 ¶ 2, 21 ¶ 1. RUO Luebs took possession of Newman's personal property, including alcohol pads, Oral-B wound cleaners, Triad Chloride Towelets, a KTV Black & White television set, a Sharp Elsi Mate EL-243C Solar Powered Calculator, an Master Combination Lock and a Con Air Beard Trimmer. Leubs prepared a contraband removal record. Doc. Ent. 1 at 3 ¶¶ 7, 8; Doc. Ent. 1 at 14.

On December 14, 2005, Newman was placed into segregation. Doc. Ent. 1 at 22 ¶ 7. J. Coats confiscated Newman's a large nail clipper, a personal headband, thirty-four cassette tapes

---

[1]Per defendants' June 9, 2008 dispositive motion, defendants full names are Jodie Coats, Matthew Luebs and Charles Ingram. Doc. Ent. 11 at 1.

with case, two head set extension wires, two personal gold necklaces, white out , beard trimmer accessories, an extension cord, two leather chess bag pouches, and two pairs of gloves. Doc. Ent. 1 at 3 ¶ 9, 15, 22 ¶ 8. Coats prepared a contraband removal record and a notice of intent to conduct an administrative hearing. Doc. Ent. 1 at 4 ¶ 10, 15-16. That same day, Newman requested a hearing. Doc. Ent. 1 at 4 ¶¶ 11-12, 16.

On December 15, 2005, Newman spoke with a nurse about his need for cleaning supplies. Doc. Ent. 1 at 22 ¶ 10. Seven days later, on December 22, 2005, Newman was transferred from ARF to JMF (Southern Michigan Correctional Facility). Doc. Ent. 1 at 4 ¶ 13, 22 ¶ 10.

Newman completed a Step I grievance form on January 12, 2006, regarding the December 14, 2005 incident. RUM Charles Ingram responded to the grievance on January 26, 2005. In a response dated February 3, 2006, Ingram stated that Newman had been transferred to JMF on December 22, 2005; "[p]roperty was taken to ARF property room [on] 12/27/2005 to be sent to JMF for hearing[;]" and "[p]roperty was forwarded to JMF on 2/3/2006." The response was reviewed by an ADW (Assistant Deputy Warden) on February 6, 2006. Doc. Ent. 1 at 4-5 ¶¶ 14-16, 17, 19.

On January 28, 2006, Newman was placed in JMF's medical quarantine. According to Newman, "medical staff performed a 'wound culture'" and diagnosed him with "Mercer super virus, i.e. a highly contagious flesh eating virus that could result in death." Doc. Ent. 1 at 22 ¶ 10.

Newman completed a Step II grievance appeal form on February 19, 2006. Deputy Warden Thomas K. Bell responded on March 8, 2006. Newman completed a Step III grievance

appeal. J. Armstrong's Step III grievance response is dated May 2007. Doc. Ent. 1 at 5-7 ¶¶ 17-21, 18, 20.

**B.     Complaint**

On January 28, 2008, while he was incarcerated at Kinross Correctional Facility (KCF), Newman ("plaintiff") filed a pro se, verified complaint against Coats, Luebs and Ingram in their individual capacities. Doc. Ent. 1 at 1-12. Plaintiff's nine (9) causes of action are based in large part upon the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. Doc. Ent. 7-10. Plaintiff seeks declaratory relief, as well as compensatory and punitive damages. Doc. Ent. 1 at 10-12. He is currently incarcerated at the Chippewa Correctional Facility (URF). *See* www.michigan.gov/corrections, "Offender Search."

**C.     Pending Motions**

Pending before the Court are defendants' June 9, 2008 dispositive motion (Doc. Ent. 11);[2] plaintiff's July 9, 2008 motion to enlarge response time (Doc. Ent. 14);[3] plaintiff's August 4, 2008 motion for appointment of counsel (Doc. Ent. 15); plaintiff's August 4, 2008 motion to withdraw the above docket pleading (Doc. Ent. 16)[4] and plaintiff's August 18, 2008 motion to enlarge response time (Doc. Ent. 19).

---

[2] Attached to defendants' motion are a copies of MDOC PD 04.07.112 ("Prisoner Personal Property"), effective November 15, 2004 (Doc. Ent. 11-3) and the June 9, 2008, affidavit of Charles Ingram (Doc. Ent. 11-4).

[3] Attached to plaintiff's July 9, 2008 motion to enlarge response time are a QMHP Report Continuation Pages dated May 18, 1999 and November 8, 1999. Doc. Ent.14 at 5-6.

[4] Plaintiff also filed a certificate of service with respect to his two August 4, 2008 motions. Doc. Ent. 17.

Judge Duggan referred defendants' dispositive motion to me for report and recommendation. Doc. Ent. 12. Then, on August 6, 2008, Judge Duggan referred this case to me for all pretrial proceedings. Doc. Ent. 18.

**D.      Analysis**

Plaintiff's July 9, 2008 motion to enlarge response time (Doc. Ent. 14), plaintiff's August 4, 2008 motion to withdraw the above docket pleading (Doc. Ent. 16) and plaintiff's August 18, 2008 motion (Doc. Ent. 19) arguably seek two types of relief: (1) a 120 day enlargement of response time and (2) a stay of proceedings while plaintiff exhausts his claims in state court. Defendants have not filed responses to any of these motions.

First, each of the motions to enlarge response time was filed after my June 11, 2008 scheduling order setting the response deadline to the dispositive motion for July 30, 2008. Also, each requests an extension of 120 days to respond, presumably to defendants' June 9, 2008 dispositive motion. Doc. Ent. 14 at 1, Doc. Ent. 19 at 1.[5] Requests for extension of time are governed by Fed. R. Civ. P. 6(b). Plaintiff's requests are based in part upon Fed. R. Civ. P. 6(b)(1). Doc. Ent. 14 at 3-4, Doc. Ent. 19 at 3-4. Rule 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Plaintiff's first (July 9, 2008) motion for enlargement of response time was filed before the due date of the response (July 30, 2008); therefore, Fed. R.

---

[5]I arrive at this conclusion, even though plaintiff's briefs state that his motions warrant "enlargement of the time for filing a response to the habeas petition herein." Doc. Ent. 14 at 4; Doc. Ent. 19 at 4. This instant action is not one filed under 28 U.S.C. § 2254, and the only pending motion to which plaintiff would respond is defendants' June 9, 2008 dispositive motion.

Civ. P. 6(b)(1)(A) governs plaintiff's request.[6] Upon consideration, plaintiff's request for an extension of time within which to respond to defendants' June 9, 2008 motion is granted. Plaintiff shall have up to and including Monday, December 1, 2008 by which to file a response.

Second, each of these motions states that plaintiff wishes "to withdraw his claim to exhaust them in the State Court before bring[ing] them to the federal court." Doc. Ent. 14 at 1; Doc. Ent. 16 at 1; Doc. Ent. 19 at 1. Each of these motions cites *Jones v. Berge*, 101 F.Supp.2d 1145 (E.D. Wis. 2000) and *Dixon v. Burt*, No. 00-CV-71557-DT, 2001 WL 561207 (E.D. Mich. Apr. 20, 2001) (Roberts, J.), cases which concerned petitions for writs of habeas corpus under 28 U.S.C. § 2254. Doc. Ent. 14 at 1-2; Doc. Ent. 16 at 1; Doc. Ent. 19 at 1-2.[7] Plaintiff more or less characterizes his "petition" as a mixture of state, federal and constitutional issues. Doc. Ent. 14 at 2; Doc. Ent. 16 at 1; Doc. Ent. 19 at 2. Furthermore, each of these motions essentially states that plaintiff wishes "to exhaust his state issue [or state remedies on the issues] before going to the federal court." Doc. Ent. 14 at 2; Doc. Ent. 15 at 1; Doc. Ent. 19 at 2. To the extent plaintiff is requesting a stay of his case so that he may first exhaust his claims in state court, the request is denied for the reason that it employs a procedure not germane to the instant 42 U.S.C. § 1983 action.[8]

---

[6]Plaintiff's reliance on Rule 4 of the rules governing habeas corpus proceedings, see Doc. Entries 14 and 19 pp. 1 & 3, is misplaced. This is a 42 U.S.C. § 1983 action.

[7]Plaintiff claims his "jail house lawyer made a[n] error in filing th[ese] claims in the Federal Court, when in fact, it should have been file[d] in the State Court first to give them a chance to resolve the claim[.]" Doc. Ent. 14 at 2; Doc. Ent. 16 at 1; Doc. Ent. 19 at 2.

[8]In his second motion to enlarge response time, plaintiff requests that "[i]f this honorable Court should decide not to enlarge plaintiff['s] response time to allow the plaintiff time to withdraw his claim[,] Plaintiff is requesting that he be appoint[ed] a lawyer base[d] on the fact that his mental

**II.    ORDER**

Upon consideration, plaintiff's motions to enlarge response time (Doc. Entries 14 and 19) are GRANTED IN PART and DENIED IN PART.  Plaintiff's motion to withdraw the above docket pleading (Doc. Ent. 16) is DENIED.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

|  |  |
|---|---|
|  | s/ PAUL J. KOMIVES |
|  | PAUL J. KOMIVES |
| Dated: October 22, 2008 | UNITED STATES MAGISTRATE JUDGE |

I hereby certify that a copy of the foregoing document was served upon counsel of record and Vincent Newman, Reg. No. 230822, Chippewa Correctional Facility, 4269 West M-80, Kincheloe, MI 49784 on October 22, 2008, by electronic and/or ordinary mail.

|  |  |
|---|---|
|  | s/William F. Lewis |
|  | Case Manager |

---

medical record[s] reveal that he [does not] know how to do legal work and his jail house lawyer i[s] ineffective." Doc. Ent. 19 at 2.  In his first motion to enlarge response time, plaintiff's request for counsel is an alternative request if the Court "should decide not to let the plaintiff . . . withdraw his claim." Doc. Ent. 14 at 2.

     The Court has granted plaintiff's requests for an extension of time to the extent the motions seek an enlargement of time within which to respond to defendants' pending dispositive motion. I will not address the instant requests for counsel in this order. Although plaintiff's request to "withdraw" his claim has been denied to the extent he seeks entry of a stay, arguably invoking plaintiff's alternative request, plaintiff's August 4, 2008 motion for appointment of counsel (Doc. Ent. 15) is not addressed herein and will be addressed in a separate order.