UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT NEWMAN,

                                 CASE NO. 2:08-CV-10388
          Plaintiff,       JUDGE PATRICK J. DUGGAN
                                 MAGISTRATE JUDGE PAUL J. KOMIVES

v.

J. COATS, RUO LUEBS and
RUM CHARLES INGRAM,[1]

          Defendants,
_____/

**<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR THE
APPOINTMENT OF COUNSEL (Doc. Ent. 15)</u>**

**I.    OPINION**

On January 28, 2008, while he was incarcerated at Kinross Correctional Facility (KCF), Newman ("plaintiff") filed a pro se, verified complaint against Coats, Luebs and Ingram in their individual capacities. Doc. Ent. 1 at 1-12. Plaintiff's nine (9) causes of action are based in large part upon the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. Doc. Ent. 1 at 7-10.[2] Plaintiff seeks declaratory relief, as well as compensatory and punitive damages. Doc. Ent. 1 at 10-12.

At the time he filed his complaint, plaintiff was incarcerated at Kinross Correctional Facility (KCF). Doc. Ent. 1 at 2. Plaintiff is currently incarcerated at the Chippewa Correctional Facility (URF). *See* www.michigan.gov/corrections, "Offender Search."

---

[1]Defendants' names are Jodie Coats, Matthew Luebs and Charles Ingram. Doc. Ent. 11 at 1.

[2]Plaintiff later characterizes his complaint as containing state and federal issues. Doc. Ent. 16 at 1; Doc. Ent. 19 at 2.

Pending before the Court are defendants' June 9, 2008 dispositive motion (Doc. Ent. 11) and plaintiff's August 4, 2008 motion for appointment of counsel (Doc. Ent. 15).[3] Judge Duggan referred defendants' dispositive motion to me for report and recommendation. Doc. Ent. 12. On August 6, 2008, Judge Duggan referred this case to me for all pretrial proceedings. Doc. Ent. 18.[4]

Plaintiff's August 4, 2008 motion for appointment of counsel (Doc. Ent. 15) sets forth reasons why the Court should enter "an order appointing counsel to represent him in this case." Doc. Ent. 15 at 1. Citing Qualified Mental Health Professional (QMHP)[5] Reports dated May 18, 1999 and November 8, 1999, plaintiff claims he has a "problem relating to the interaction of the legal system and crime due to his mental illness." Doc. Ent. 15 at 1 ¶ 1; Doc. Ent. 14 at 2, 5-6; Doc. Ent. 19 at 2.[6] Plaintiff states that he has just transferred "to another correctional facility and is unable to afford a jailhouse lawyer le[t] alone a licensed attorney." Doc. Ent. 15 at 1 ¶ 3. Plaintiff claims his ability to litigate will be greatly limited, as he is proceeding pro se without a jailhouse lawyer's assistance. He also notes that "[t]he issues involved in this case are complex, and will require significant research and investigation." He also claims his legal knowledge is limited. Doc. Ent. 15 at 1 ¶ 4. Plaintiff argues that "[d]ue to the fact[] that the issues in this case will likely involve conflicting statements/testimony, an [attorney, as opposed to a jailhouse

---

[3]Plaintiff also filed a certificate of service for his motion to appoint counsel. Doc. Ent. 17.

[4]A report and recommendation regarding the dispositive motion will enter under separate cover.

[5]*See* MDOC PD 04.06.183 ("Voluntary and Involuntary Treatment of Mentally Ill Prisoners"), effective 10/09/1995, "Definitions," ¶ I.

[6]Incidentally, these reports seem to indicate that plaintiff had aseptic "necrosis on the femural foot left." Doc. Ent. 14 at 5.

lawyer,] would better enable plaintiff to present evidence." Doc. Ent. 15 at 1 ¶ 5. Elsewhere, plaintiff claims "his mental medical record[s] reveal that he [does not] know how to do legal work and his jail house lawyer i[s] ineffective." Doc. Ent. 19 at 2.

Plaintiff is proceeding in forma pauperis. Doc. Ent. 5. Proceedings in forma pauperis are governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted). "In determining whether an indigent litigant is in need of appointed counsel, a number of factors are relevant including: the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing *Johnson v. Williams*, 788 F.2d 1319, 1322-1323 (8th Cir.1986)).

In addition to his complaint (Doc. Ent. 1), his application to proceed without prepayment of fees (Doc. Ent. 2) and his motion for appointment of counsel (Doc. Ent. 15), plaintiff has filed motions to enlarge response time (Doc. Ent. 14 and 19) which were granted in part and denied in part; a motion to withdraw (Doc. Ent. 16), which was denied; and a response to defendants' dispositive motion (Doc. Ent. 21).[7]

---

[7] As previously noted, plaintiff has also filed a certificate of service for his August 4, 2008 motions. Doc. Ent. 17.

**II. ORDER**

Upon consideration, plaintiff's February 27, 2008 motion for the appointment of counsel (Doc. Ent. 52) is DENIED WITHOUT PREJUDICE. Should this Court deny the pending dispositive motion and/or should this case proceed to trial, plaintiff will be permitted to renew his request for appointment of counsel.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

|  |  |
|---|---|
|  | s/Paul J. Komives |
|  | PAUL J. KOMIVES |
| Dated: 2/25/09 | UNITED STATES MAGISTRATE JUDGE |

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on February 25, 2009.
>
> s/Eddrey Butts
> Case Manager