UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT NEWMAN,

        Plaintiff,

                                        CASE NO. 08-10388
v.                                      HONORABLE PATRICK J. DUGGAN

J. COATS, RUO LUEBS, and
RUM CHARLES INGRAM,

        Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

At a session of said Court, held in the
U.S. District Courthouse, Eastern District
of Michigan on April 30, 2009.

PRESENT:   HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

On January 28, 2008, Plaintiff, a *pro se* prisoner, commenced this civil rights action against Defendants pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges deprivations of his substantive and due process rights under the Fourteenth Amendment and deliberate indifference to his medical needs in violation of the Eighth Amendment. Defendants have filed a motion to dismiss and/or for summary judgment. This Court has referred Plaintiff's action to Magistrate Judge Paul J. Komives for all pretrial proceedings.

On February 25, 2009, Magistrate Judge Komives issued a Report and Recommendation ("R&R") in which he recommends that this Court grant Defendant's motion for summary judgment and/or motion to dismiss. Magistrate Judge Komives concludes that Plaintiff fails to state a claim against Defendant Charles Ingram because this defendant did not have any personal involvement in the alleged constitutional violations. With respect to Plaintiff's due process claim, Magistrate Judge Komives concludes that Defendants are entitled to summary judgment because Michigan's post-deprivation remedies are adequate to redress the alleged misconduct and are available to Plaintiff. As to his substantive due process claim, Magistrate Judge Komives finds that Plaintiff's averments do not support such a claim because they do not set forth "conduct shocking to the conscience" or conduct constituting an "egregious abuse of power." Lastly, as to Plaintiff's Eighth Amendment claim, Magistrate Judge Komives recommends granting summary judgment to Defendant Luebs.[1] Magistrate Judge Komives reasons:

---

[1] Based on the allegations in Plaintiff's complaint, Magistrate Judge Komives concluded that Plaintiff is asserting his Eighth Amendment claim against Defendant Luebs, only. Plaintiff's Eighth Amendment claim is set forth in paragraph 30 of his complaint, in which Plaintiff asserts:

> The confiscation and deprivation of [his] medical supplies[] and equipment by the defendant RUO Luebs constituted a deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment of the Constitution, prohibiting cruel and unusual punishment.

(Compl. ¶ 30.)

2

> . . . while there may be evidence that Luebs was informed by plaintiff of his medical condition and the alleged need for his medical supplies, Luebs could appropriately inform plaintiff of his right to have a hearing with regard to the supplies and could appropriately assume an appropriate resolution of the matter at the hearing. A failure on Luebs's part to initiate a hearing, either through a failure to issue a misconduct ticket or a failure to issue an NOI [Notice of Intent], may have been the result of inadvertence.

(R&R at 35.)

At the conclusion of his R&R, Magistrate Judge Komives informs the parties that they must file any objections to the R&R within ten days. (R&R at 39.) After the ten day period expired, however, it came to this Court's attention that the R&R had been sent to Plaintiff at the Kinross Correctional facility, instead of the Chippewa Correctional facility where he had been moved. The Court therefore re-served Plaintiff with the R&R on March 25, 2009. On April 1, 2009, Plaintiff filed a motion seeking an extension of time to file objections. This Court granted Plaintiff's request and, on April 20, 2009, he filed his objections.

In these objections, Defendant first challenges Magistrate Judge Komives' conclusion that Defendant Ingram is entitled to dismissal because he was not personally involved in the alleged violations of Plaintiff's Constitutional rights. Plaintiff claims that he states a cognizable claim against Defendant Ingram based on his failure to adequately investigate Plaintiff's complaints of a constitutional violation when evaluating his grievance on appeal. The Sixth Circuit has held, however, that a defendant cannot be found liable under § 1983 based simply on the individual's denial of a grievance or

failure to act in response to a grievance. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Additionally, "a supervisory official's failure to supervise, control, or train the offending individual is not actionable, unless the supervisor 'either encouraged the specific incident of misconduct or in some way directly participated in it.'" *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988) (quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982)). Thus there is no merit to Plaintiff's objection with regard to Magistrate Judge Komives' recommendation that his claims against Defendant Ingram be dismissed.

In his next objection, Plaintiff asserts that he had a property interest in the belongings that Defendants Luebs and Coats confiscated and that his due process rights were violated because he was never afforded a post-deprivation hearing. This is not contrary, however, to Magistrate Judge Komives' R&R. Magistrate Komives did not reject Plaintiff's procedural due process claim based on his finding that Plaintiff did not have a property interest in the confiscated property. He only concluded that Plaintiff's due process rights were not violated because Michigan provides several adequate post-deprivation remedies that are available to Plaintiff. This Court does not find this holding to be in error.

Plaintiff also disagrees with Magistrate Judge Komives' analysis of his substantive due process claim. Although agreeing with the standard Magistrate Judge Komives applied to analyze his claim, Plaintiff disagrees with the court's conclusion that the confiscation of his property does not reveal an abuse of governmental power. This Court,

4

however, concurs with Magistrate Judge Komives that the facts set forth by Plaintiff do not satisfy the Fourteenth Amendment's "shock the conscience" test.

Finally, Plaintiff asserts two objections with respect to Magistrate Judge Komives' analysis of his Eighth Amendment deliberate indifference claim. First, Plaintiff contends that the magistrate judge incorrectly concluded that the claim was restricted to Defendant Luebs. Citing to his affidavit (*see* Compl. App. E), Plaintiffs states that his Eighth Amendment claim in fact is restricted to Defendant Coats. Second, Plaintiff contends that he has met his burden of establishing an Eighth Amendment violation because he was deprived of needed medical supplies and, as a result, his leg ulcer was aggravated.

With respect to Plaintiff's first argument, as noted earlier, Plaintiff does not mention any defendant other than Defendant Luebs in the paragraph of his complaint in which he sets forth his Eighth Amendment claim. Nevertheless, even if Plaintiff is asserting such a claim against Defendant Coats as well, Magistrate Judge Komives' reasons for finding that his claim fails against Defendant Luebs applies equally to Defendant Coats.

To establish an Eighth Amendment violation, a plaintiff must satisfy an objective and subjective test. For the objective test, the plaintiff must show that the alleged deprivation was "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994). The subjective component requires the plaintiff to show that the defendant had "a sufficiently culpable state of mind in denying [the plaintiff] medical care." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (citing

*Farmer*, 511 U.S. at 834, 114 S. Ct at 1977). Magistrate Judge Komives assumed, for purposes of deciding Defendants' motion, that Plaintiff satisfied the objective test. He concluded, however, that the evidence did not support a finding in favor of Plaintiff on the subjective component of his claim.

As Magistrate Judge Komives analyzed, when Defendant Luebs confiscated Plaintiff's medical supplies, he informed Plaintiff of his right to a hearing where he could show his medical detail to recover the supplies. There is no evidence suggesting that Defendant Luebs was aware that Plaintiff in fact would not be afforded a hearing or that the lack of a hearing resulted from Defendant Luebs' deliberate conduct. (R&R at 25.) Thus the evidence does not suggest that Defendant Luebs had "a sufficiently culpable state of mind" when he confiscated Plaintiff's medical supplies. Similarly, there is no evidence that Defendant Coats was aware of and disregarded a risk of harm to Plaintiff when he confiscated Plaintiff's Q-tips.

According to Plaintiff's affidavit, Defendant Coats confiscated Plaintiff's personal property when Plaintiff was being moved to segregation. (Compl. Ex. E ¶ 8.) Plaintiff asked Defendant Coats if he could keep his Q-tips to clean his leg ulcers. (*Id.*) Defendant Coats responded that Plaintiff was not allowed to take personal property with him to segregation and that Plaintiff would have to request Q-tips from the nurse when she made her medical rounds. (*Id.*) The next day, when Plaintiff spoke with the nurse making medical rounds, the nurse indicated that she was only there to dispense

medication and that he would need to place a medical request ("kite") for the Q-tips. (*Id.* ¶ 9.)

For these reasons, the Court concurs with the conclusions reached by Magistrate Judge Komives and rejects Plaintiff's objections to the R&R. The Court therefore holds that Defendants are entitled to dismissal and/or summary judgment with respect to Plaintiff's claims.

Accordingly,

**IT IS ORDERED**, that Defendant's motion for summary judgment and/or motion to dismiss is **GRANTED**.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:
Vincent Newman, #230822
Chippewa Correctional Facility
4269 W M-80
Kincheloe, MI 49784

Julia R. Bell, Esq.
Magistrate Judge Paul J. Komives